UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ECKSTROM,<br><br>        Plaintiff,<br><br>   v.<br><br>M. KAMAU, *et al.*,<br><br>        Defendants. | Case No. 2:25-cv-1769-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff has filed a complaint, ECF No. 1, and a request to proceed *in forma pauperis*, ECF No. 2. He is, however, a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g). *See Eckstrom v. State of California*, No. 2:24-cv-3549-DJC-AC (E.D. Cal). Plaintiff has had at least three cases dismissed for failure to state a claim upon which relief can be granted: (1) *Eckstrom v. Reagan*, No. 2:98-cv-1034-LKK-JFM (E.D. Cal.) (complaint dismissed October 20, 1998, for failure to state a claim (ECF No. 7))[1]; (2) *Eckstrom v. Beard*, No. 2:15-cv-8560-TJH-AS (C.D. Cal.) (third amended complaint dismissed on April 24, 2017, for failure to state a claim (ECF No. 36)); (3) *Eckstrom v. Hoshino*, No. 2:16-cv-0538-TLN-EFB (E.D. Cal.) (second amended complaint dismissed on January 23, 2020, for failure to state a claim (ECF No. 35)).

---

[1] While an electronic copy of the order dismissing the case could not be located, the court identified the basis for dismissal from the Ninth Circuit's memorandum decision in Case No. 98-17303. No. 2:98-cv-1034, ECF No. 16. The Ninth Circuit summarized and affirmed the district court's decision to dismiss the complaint for failure to state a claim. *Id.*

1    A "three-striker" plaintiff may be afforded an opportunity to proceed *in forma pauperis*
2    under section 1915(g) if he alleges that he was in imminent danger at the time he filed the
3    complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir.
4    2007). The court must determine if the potential harm amounts to "serious physical injury" and
5    whether the threat is "imminent." *Cervantes*, 493 F.3d at 1055-56. A prisoner fails to meet the
6    exception where claims of imminent danger are conclusory. *Id.* at 1057 n.11. Section
7    § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm
8    or generalized fears of potential harm. *See id.* at 1053 ("The exception's use of the present tense,
9    combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that
10   the exception applies if the danger existed at the time the prisoner filed the complaint.").

11   Plaintiff alleges that starting in December 2023, defendant nurse Kamau utilized a size 16
12   catheter instead of a size 14 catheter. ECF No. 1 at 7, 11. Plaintiff claims that the change in
13   catheter size has caused him pain and his kidney disease to progress. *Id.* at 10-12. Plaintiff also
14   alleges, however, that other doctors have used a size 16 catheter on him without pain or issue.
15   *See id.* at 15.

16   The complaint in this case was filed in June 2025 and there is no indication therein that he
17   was in any imminent danger at the time the complaint was filed. *See Andrews v. Cervantes*, 493
18   F.3d 1047, 1053 (9th Cir. 2007) ("We are in agreement with all of these cases in holding that it is
19   the circumstances at the time of the filing of the complaint that matters for purposes of the
20   'imminent danger' exception to § 1915(g)."). Indeed, plaintiff alleges that his concerns with
21   defendant Kamau date back to December 2023.

22   Therefore, plaintiff's application for leave to proceed *in forma pauperis* should be denied
23   pursuant to § 1915(g) and plaintiff should be required to submit the appropriate filing fee in to
24   proceed with this action.

25   Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge
26   to this action.

27   Further, it is RECOMMENDED that plaintiff's application to proceed *in forma pauperis*,
28   ECF No. 2, be DENIED and that plaintiff be directed to tender the filing fee within thirty days of

any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 29, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3