UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL ECKSTROM,

Plaintiff,

v.

M. KAMAU, et al.,

Defendants.

No. 2:25-cv-01769 DAD JDP P

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

(Doc. Nos. 2, 7)

Plaintiff Carl Eckstrom is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 29, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's application to proceed *in forma pauperis* be denied because at least three prior actions he had filed had been the subject of qualifying dismissal orders under 28 U.S.C. 1915(g). (Doc. No. 7.) In addition, the magistrate judge concluded that plaintiff had not asserted or made any showing that he was in imminent danger with a nexus to the claims asserted when he filed his complaint in this action in June 2025. (*Id.* at 2.)

The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) On August 25, 2025, the court received plaintiff's untimely objections to the findings and

recommendations. (Doc. No. 10.) On September 12, 2025, the court received what appear to be virtually identical objections to the findings and recommendation from plaintiff. (Doc. No. 11.) Finally, on February 23, 2026, the court received what plaintiff characterized as a reservice of his previously filed objections which, once again, appear to be virtually identical to the objections filed by plaintiff on August 25, 2025. (Doc. No. 12.) Although plaintiff's objections were untimely filed, the undersigned has fully considered them.

In his objections plaintiff does not address the magistrate judge's determination that plaintiff has had at least three prior cases dismissed for failure to state a cognizable claim, that those dismissal orders qualify as "strikes" under 28 U.S.C. § 1915(g), that plaintiff has failed to assert or establish that he was under imminent danger at the time he filed his complaint in this action so as to qualify for an exception under § 1915(g), and that his application to proceed *in forma pauperis* must therefore be denied. Instead, in all three versions of his objections, plaintiff focuses on his complaint and its allegations that in December of 2023, and at unspecified times before and after, he received intentionally inadequate medical care from defendants for his kidney and other conditions and that his attempts to address these issues through inmate grievances were unsuccessful. (Doc. Nos. 10, 11 & 12.) The court finds that these objections provide no basis upon which to reject the magistrate judge's findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on July 29, 2025 (Doc. No. 7) are adopted in full;
2. Plaintiff's application to proceed in this action *in forma pauperis* (Doc. No. 2) is denied pursuant to 28 U.S.C. 1915(g);
3. Plaintiff is directed to pay the required filing fee in order to proceed with this action within thirty (30) days of the date of this order;

/////

4. Plaintiff is forewarned that his failure to pay the required filing fee will result in an order dismissing this action; and

5. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **August 18, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE